## Henry Howard and others v. Henry R. Tomlinson and another.

*Judgment entry : Assessment of damages: Recital.* A judgment entry on default
(with a proper reference to the court to assess the damages), which first recites
the default and then proceeds, "and the damages of the said plaintiffs having
been assessed at the sum of," etc., and thereupon awards judgment in the usual
form, is not open to objection upon the ground that it does not show that the
damages were assessed by the court.

*Circuit court rules: Time for making defaults absolute.* It is competent for the
circuit court to make a special rule shortening the time limited for making
defaults absolute to two days in term.

*Heard and decided April 23.*

Error to Lapeer Circuit.

Tomlinson & Waterbury sued Howard, Pardo & Halstead
in assumpsit on the common counts.   Personal service was
had on all the defendants, and they made default.   The first
default was entered August 27th, 1872, and the default abso-

lute, August 30th, 1872. The reference to assess damages was to the court. The judgment entry was as follows:

"In this cause the default of the said defendants for want of a plea having been duly entered, and the damages of the said plaintiffs having been assessed at the sum of two thousand one hundred and ninety-four dollars and ninety-two cents, over and above the costs and charges by them about their suit in this behalf expended: Therefore, on motion of W. W. Stickney, attorney for the said plaintiffs, it is ordered and adjudged by the court now here that the said plaintiffs do recover against the said defendants their damages aforesaid, together with their costs and charges aforesaid, to be taxed, and that the said plaintiffs have execution therefor."

The defendants bring error and seek to reverse the judgment because the judgment entry does not show that the damages were assessed by the court; and because the default was made absolute three days after the entry of such default. On the hearing in this court counsel for defendants in error produced a certified copy of a special rule of the Lapeer circuit shortening time for making defaults absolute to two days in term.

*R. V. Briggs* and *Henry M. Cheever*, for plaintiffs in error.

*W. W. Stickney* and *Wilkinson & Post*, for defendants in error, were stopped by the court.

THE COURT held that the objections were neither of them well taken. In the absence of any thing to the contrary, it is to be presumed that the assessment recited was made by the court, and is properly made. Rule 23, providing for making defaults absolute in four days, is subject to the further condition "or in such other time as may be ordered by the court." And rule 72 gives general power to the circuit courts to shorten or extend such time.

Judgment affirmed, with costs.